In the
United States Court of Appeals
for the Sixth Circuit

United States of America,

      Plaintiff-Appellee,

                              Case No. 23-1604

v.

Duane Letroy Berry,

      Defendant-Appellant.
                              /

## Motion to Dismiss for Lack of Appellate Jurisdiction

Because the defendant has appealed from only a non-appealable order, this appeal should be dismissed for lack of jurisdiction.

## Background

Defendant Duane Letroy Berry is currently undergoing civil commitment proceedings under 18 U.S.C. § 4246 in the United States District Court for the Eastern District of North Carolina. (*See* R.233: Order, 4989–91). Seeking to block those proceedings, Berry moved to vacate the certificate of mental disease or defect that the warden of his prison facility submitted under § 4246(a) in the Eastern District of North Carolina. (*See id.*, 4991; R.221: Motion for Relief, 4907–19). But Berry filed his motion in the wrong district. Rather than file the motion

1

in the Eastern District of North Carolina, Berry filed it in the Eastern District of Michigan—the district in which his now-dismissed criminal case was originally prosecuted. (*See* R.233: Order, 4989–91). Then, when the district court in Michigan requested briefing on Berry's motion, Berry appealed the district court's briefing order, initiating this appeal. (R.224: Briefing Order, 4935 (dated 05/04/23); R.231: Notice of Appeal, 4985–86 ("The Respondent appeals Dkt#224 ORDER on 05-04-2023.")).

The district court in Michigan later denied Berry's motion in a written order, holding that it lacked any authority to vacate the warden's certificate or order any other relief in the Eastern District of North Carolina. (R.233: Order, 4992–95). Berry did not appeal from that merits order.

## Argument

Because Berry appealed from only a non-appealable order, his appeal should be dismissed for lack of appellate jurisdiction. This Court has appellate jurisdiction under 28 U.S.C. § 1291 from only final orders or judgments. A final order is generally "easy to spot," because it "ends

2

litigation on the merits." *United States v. Martirossian*, 917 F.3d 883, 886 (6th Cir. 2019).

The district court's order requesting additional briefing did not "end[]" the "litigation" on Berry's motion here. *Id.* The court's briefing order instead contemplated *further* litigation—which was why the court ordered additional briefing. In *Martirossian*, 917 F.3d at 886–89, this Court held in similar circumstances that a district court's order holding a defendant's motion in abeyance did not qualify as an appealable order under § 1291. The same was true of the district court's briefing order here: it was not an appealable order.

Nor did Berry's notice suffice to appeal the district court's subsequent merits order. Berry filed his notice of appeal *before*—not after—the district court issued its merits order. As this Court has explained previously, "[a] notice of appeal filed before a ruling is made is premature." *United States v. Brown*, No. 21-5045, 2021 WL 3027858, at *2 (6th Cir. June 2, 2021). Thus, Berry cannot rely on Federal Rule of Appellate Procedure 3(c)(7), which excuses the "failure to properly designate [a] judgment" only when a notice of appeal is filed "*after* entry of the judgment and designates an order that merged into the

3

judgment." Fed. R. App. P. 3(c)(7) (emphasis added). (The litigation here also did not result in a "judgment" at all—another reason why Rule 3(c)(7) does not apply.) Federal Rule of Appellate Procedure 4(b)(2) likewise does not help Berry, because the district court had not yet "announce[d]" its merits decision—in any form—when Berry filed his notice of appeal from the briefing order. Fed. R. App. P. 4(b)(2); *see Manrique v. United States*, 581 U.S. 116, 120 (2017) ("Rule 4 contemplate[s] that the defendant will file the notice of appeal *after* the district court has decided the issue sought to be appealed."). Confirming the point, Berry's notice of appeal was clear on its face that he was appealing from only the district court's briefing order. (R.231: Notice of Appeal, 4985–86). Because Berry appealed from only a non-appealable order, his appeal should be dismissed for lack of appellate jurisdiction.

Even apart from that jurisdictional defect, it is unclear what relief this Court could order or what Berry is arguing here. As the district court recognized (R.233: Order, 4992–95), and as this Court held in *United States v. Baker*, 807 F.2d 1315, 1325 (6th Cir. 1986), neither the district court nor this Court has jurisdiction over Berry's civil commitment proceedings in the Eastern District of North Carolina. *See*

4

18 U.S.C. § 4246(a). And Berry's appellate brief is indecipherable. It consists of a one-page cover sheet listing various authorities with no discernable connection to this case, followed by an 11-page print-out of the docket sheet from *United State v. Trump*, S.D. Fla. No. 9:23-cr-80101. Other than suggesting that this Court should affirm for the reasons given in the district court's order, the government would not have anything to add in any merits briefing here. Because Berry's appeal is jurisdictionally defective, though, the Court need not even go that far.

## Conclusion

The appeal should be dismissed for lack of appellate jurisdiction.

>Respectfully submitted,
>
>Dawn N. Ison
>United States Attorney
>
>/s/ Andrew Goetz
>Andrew Goetz
>Assistant United States Attorney
>Eastern District of Michigan
>211 West Fort Street, Suite 2001
>Detroit, MI 48226
>(313) 226-9522
>andrew.goetz@usdoj.gov

Dated: August 24, 2023

## Certificate of Compliance

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because, excluding the parts of the document exempted by Rule 32(f), it contains 808 words. This motion complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

/s/ Andrew Goetz
Assistant United States Attorney

Dated: August 24, 2023

## Certificate of Service

I certify that on August 24, 2023, I electronically filed this motion for the United States with the Clerk of the United States Court of Appeals for the Sixth Circuit using the ECF system and that I served a copy of the filing on the pro se petitioner by mail at the following address:

>Duane Letroy Berry
>#62250-019
>FMC Butner
>Federal Medical Center
>P.O. Box 1600
>Butner, NC 27509

>/s/ Andrew Goetz
>Assistant United States Attorney