**NOT RECOMMENDED FOR PUBLICATION**

No. 23-1604

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
Sep 14, 2023
DEBORAH S. HUNT, Clerk
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff-Appellee, | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| DUANE LETROY BERRY, | ) THE EASTERN DISTRICT OF |
| | ) MICHIGAN |
|     Defendant-Appellant. | ) |

O R D E R

Before: NORRIS, McKEAGUE, and MATHIS, Circuit Judges.

This matter is before the court upon the government's motion to dismiss the appeal for lack of jurisdiction.

In 2015, Duane Letroy Berry was indicted for alleged violations of 18 U.S.C. § 1038(a). Berry was evaluated for competency on several occasions and the district court determined him to be incompetent to stand trial. By 2019, the government believed that he could not be restored to competency and filed motions to dismiss the indictment and to refer Berry for a civil commitment examination. In 2019, the district court issued an order granting the government's motions, dismissing the indictment, and referring Berry for a civil commitment determination under 18 U.S.C. § 4246(a).

No. 23-1604
- 2 -

In May 2020, the United States Attorney filed a Certificate of Mental Disease or Defect and Dangerousness for Berry in the United States District Court for the Eastern District of North Carolina, requesting a hearing to determine whether Berry should remain committed to the Mental Health Department at FMC Butner, where he had been transferred. The hearing was originally scheduled for August 2020 but has been rescheduled numerous times because of Berry's multiple motions and interlocutory appeals.

On April 18, 2023, Berry filed a motion in the United States District Court for the Eastern District of Michigan, asking the court to vacate the certificate under 18 U.S.C. § 4246(a). On May 4, 2023, the district court issued an order directing the government to respond and the government did so before the end of that month. On June 27, 2023, Berry filed a notice of appeal from the May 4, 2023, order. Three days later, the district court issued an order denying Berry's motion to vacate the certificate. Berry did not appeal that order.

The government now moves to dismiss this appeal for lack of jurisdiction, asserting that Berry appealed from a non-final, non-appealable order.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory orders and collateral orders, *id*. § 1292; *Cohen v. Beneficial Indus. Loan Corp*., 337 U.S. 541, 545-46 (1949); *see Anderson v. Roberson*, 249 F.3d 539, 542-43 (6th Cir. 2001). As the government has argued, the district court's order directing the government to respond to Berry's motion to vacate the certificate was not a final order, nor was it immediately appealable as an interlocutory or collateral order. *See Agema v. City of Allegan*, 552 F. App'x 549, 550–51 (6th Cir. 2014) (explaining the requirements of the collateral order doctrine); *Tensley-Bey v. Virginia*, 16 F. App'x 271, 271 (4th Cir. 2001). And even if entry of the order denying Berry's motion to vacate the certificate rendered final the order directing the government to respond to that motion, *see Bonner v. Perry*, 564 F.3d 424, 429 (6th Cir. 2009), we nevertheless lack jurisdiction because any appeal from the order directing a response is moot. No meaningful relief can be granted in light of the unappealed denial of the motion to vacate the certificate. *See, e.g., Sullivan v. Benningfield*, 920 F.3d 401, 410 (6th Cir. 2019) ("If events that occur subsequent to the filing

No. 23-1604
- 3 -

a lawsuit or an appeal deprive the court of the ability to give meaningful relief, then the case is moot and must be dismissed." (cleaned up)).

Accordingly, the government's motion to dismiss is **GRANTED** and this appeal is **DISMISSED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk